BROOKS & BERRY *v.* CHARLES S. HUBBARD and Trustee CITY
OF MONTPELIER, and Claimant, CAPITAL SAVINGS BANK
& TRUST COMPANY.

January Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 5, 1901.

*Mortgagee's right to hold an award of land damages as a part of his
security*—One who takes a mortgage of land pending condemna-
tion proceedings under the highway law, and who is not made a
party to such proceedings, can hold the damages thereafter
awarded, against a creditor of the mortgagor who attaches the fund
by trustee process.

THIS WAS AN ACTION of assumpsit brought to the City
Court of Montpelier.    Judgment by default was rendered
against the principal defendant.    Upon an agreed statement
of facts the court, *Smilie, J., pro forma* and without hearing
adjudged that the trustee was chargeable for the amount of
the judgment against the principal defendant.    The claimant
excepted.

*John H. Senter* and *Edward M. Goddard* for the plaintiff.
*T. J. Deavitt* and *Edward H. Deavitt* for the claimant.

TAFT, C. J.    The claimant took a mortgage from the
defendant, an owner of land condemned for highway purposes,
under proceedings begun by the City of Montpelier.    It fur-
nished the money to pay a prior mortgage to the Montpelier
Savings Bank & Trust Company and took the mortgage under
which it now claims for a greater sum than that paid the Trust
Company.    Subsequently this suit was brought and the ques-
tion presented is whether a mortgagee of land condemned for
highway purposes by proceedings begun anterior to the mort-
gage, and not made a party to the condemnation proceedings,

can hold the damages awarded, against a creditor of the land-owner who attaches the fund by the trustee process.    We do not put the right of the claimant upon the ground of subrogation and it is true it took its conveyance *lis pendens*.    Taking *lis pendens,* only affected the condemnation proceedings.    The claimant took an interest in the land subject to them, but it could not be deprived of the interest which it acquired by virtue of its deeds, by an act of the mortgagor, nor of any of his creditors.    The effect of the mortgage deed was to convey to the claimant the defendant's interest in the land, and the right to any damages thereafter awarded, passed with the land as an incident thereto; the mortgagee would hold the damages as security for the mortgage debt in the same manner that it held the land.    Payment by the City of Montpelier to the mortgagor would not affect the right of the mortgagee to receive the land damages—certainly not after notice of the mortgage. *Wade* v. *Hennessy,* 55 Vt. 207.    The claimant having the right in equity and at law to hold the fund as against the mortgagor, and against the City of Montpelier which took the land for highway purposes, can hold it as against a creditor of the mortgagor attaching the fund by trustee process, subsequent to the mortgage of the claimant.

*The pro forma judgment of the City Court is reversed and judgment that the claimant is entitled to the funds in the hands of the trustee and that the trustee is discharged...The claimant to recover costs in this court from the plaintiffs.*